People v Ramirez (2020 NY Slip Op 51568(U))

[*1]

People v Ramirez (Manuel)

2020 NY Slip Op 51568(U) [70 Misc 3d 133(A)]

Decided on December 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-376 K CR

The People of the State of New York,
Respondent,
against
Manuel Tzep Ramirez, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Jodi L. Mandel of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Elizabeth N. Warin, J.), rendered January 16, 2018. The judgment convicted defendant, upon his
plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree.
Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738
[1967]), seeking leave to withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal;
Appellate Advocates
111 John Street, 9th Floor
New York, NY 10038.
Relieved counsel is directed to turn over all papers in his possession to the newly assigned
counsel. New counsel is directed to serve and file a brief within 90 days after the date of this
decision and order. The People may serve and file a respondent's brief within 21 days after the
service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and
file a reply brief within seven days after service of the respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there
exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386
US 738 [1967]). A review of the record, however, reveals at least one nonfrivolous issue, i.e.,
whether the factual allegations of the accusatory instrument are legally insufficient to support the
added misdemeanor charge of aggravated unlicensed operation of a motor vehicle in the second
degree, to which defendant pleaded guilty, and, if so, whether the accusatory instrument cannot
be [*2]salvaged, despite the existence, arguendo, of a facially
sufficient charge of equal degree therein (compare People v Perez, 64 Misc 3d 84 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019], with
People v Thiam, 34 NY3d 1040 [2019]). We note that defendant's purported waiver of
his right to appeal, if valid, "would not bar [this] claim because the claim is jurisdictional" (People v Davis, 31 Misc 3d
142[A], 2011 NY Slip Op 50844[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2011]).
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application to
withdraw as counsel and assign new counsel to ascertain whether defendant desires to raise the
issue set forth above, and to prosecute the appeal on defendant's behalf with respect to this issue
or any other issue that can be identified.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 30, 2020